# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| RONNIE DALE SNYDER, SR., | ) | |
|    Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14cv00021 |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
|   Acting Commissioner of | ) | |
|   Social Security, | ) | BY: PAMELA MEADE SARGENT |
|    Defendant | ) | United States Magistrate Judge |

*I. Background and Standard of Review*

Plaintiff, Ronnie Dale Snyder, Sr., ("Snyder"), filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), determining that he was eligible for disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423 (West 2011), beginning on May 29, 2011. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g). This case is before the undersigned magistrate judge by transfer based on consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

The court's review in this case is limited to determining if the factual findings of the Commissioner are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may

be somewhat less than a preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). "'If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642).

The record shows that Snyder filed his application for DIB on October 20, 2010, alleging disability as of June 25, 2010, due to problems with his right shoulder and arm, headaches, neck pain, anxiety, depression and memory problems. (Record, ("R."), at 171-72, 192-201, 218.) The claim was denied initially, but, on reconsideration, Snyder was granted benefits starting May 29, 2011. (R. at 91-93, 97-99, 102-07.) Snyder then requested a hearing before an administrative law judge, ("ALJ"). (R. at R. at 109-10.) A hearing was held on November 16, 2012, at which Snyder was represented by counsel. (R. at 34-54.)

By decision dated December 10, 2012, the ALJ found that Snyder was entitled to DIB benefits beginning on May 29, 2011, but he found that he was not disabled before that date. (R. at 19-28.) The ALJ found that Snyder met the nondisability insured status requirements of the Act for DIB purposes through December 31, 2014. (R. at 21.) The ALJ also found that Snyder had not engaged in substantial gainful activity since June 25, 2010, his alleged onset date. (R. at 21.) The ALJ found that the medical evidence established that Snyder suffered from severe impairments, namely rotator cuff tear of the right shoulder, status-post surgery; osteoarthritis; and degenerative disc disease, but he found that Snyder did not have an impairment or combination of impairments listed at or medically equal

to one listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 22.) The ALJ found that Snyder had the residual functional capacity to perform light work,[1] except that he could only occasionally push, pull or reach in all directions with his dominant right upper extremity. (R. at 22-26.)  The ALJ found that Snyder was unable to perform his past relevant work. (R. at 26.) Based on Snyder's age prior to May 29, 2011, education, work history and residual functional capacity and the testimony of a vocational expert, the ALJ found that, prior to May 29, 2011, other jobs existed in significant numbers in the national economy that Snyder could perform, including jobs as an usher or attendant and a counter and rental clerk. (R. at 27.) Thus, the ALJ found that Snyder was not under a disability as defined by the Act, and was not eligible for DIB benefits, prior to May 29, 2011. (R. at 28.) *See* 20 C.F.R. § 404.1520(g) (2015).

After the ALJ issued his decision, Snyder pursued his administrative appeals, but the Appeals Council denied his request for review. (R. at 1-5.) Snyder then filed this action seeking review of the ALJ's partially unfavorable decision, which now stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981 (2015). The case is before this court on Snyder's motion for summary judgment filed January 19, 2015, and the Commissioner's motion for summary judgment filed February 20, 2015. Snyder's counsel has requested oral argument, but based on my ruling below, I will deny that request.

---

[1] Light work involves lifting items weighing up to 20 pounds at a time with frequent lifting or carrying of items weighing up to 10 pounds. If someone can perform light work, he also can perform sedentary work. *See* 20 C.F.R. § 404.1567(b) (2015).

## II. Analysis

The Commissioner uses a five-step process in evaluating DIB claims. *See* 20 C.F.R. § 404.1520 (2015). *See also Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983); *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). This process requires the Commissioner to consider, in order, whether a claimant 1) is working; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of a listed impairment; 4) can return to his past relevant work; and 5) if not, whether he can perform other work. *See* 20 C.F.R. § 404.1520. If the Commissioner finds conclusively that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. *See* 20 C.F.R. § 404.1520(a) (2015).

As stated above, the court's function in this case is limited to determining whether substantial evidence exists in the record to support the ALJ's findings. The court must not weigh the evidence, as this court lacks authority to substitute its judgment for that of the Commissioner, provided her decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. In determining whether substantial evidence supports the Commissioner's decision, the court also must consider whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained his findings and his rationale in crediting evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

Thus, it is the ALJ's responsibility to weigh the evidence, including the medical evidence, in order to resolve any conflicts which might appear therein.

*See Hays*, 907 F.2d at 1456; *Taylor v. Weinberger*, 528 F.2d 1153, 1156 (4th Cir. 1975). Furthermore, while an ALJ may not reject medical evidence for no reason or for the wrong reason, *see King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980), an ALJ may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source, based on the factors set forth at 20 C.F.R. § 404.1527(c), if he sufficiently explains his rationale and if the record supports his findings.

Snyder argues that the ALJ erred by improperly determining his residual functional capacity and failing to find that he was disabled prior to May 29, 2011. (Plaintiff's Memorandum In Support Of His Motion For Summary Judgment, ("Plaintiff's Brief"), at 4-6.) As stated above, the ALJ found that Snyder had the residual functional capacity to perform light work, except that he could only occasionally push, pull or reach in all directions with his dominant right upper extremity. (R. at 22.) Snyder argues that the ALJ's finding as to his residual functional capacity is not supported by substantial evidence, in that his treating physician, Dr. Thomas Whitman, M.D., an orthopedic surgeon, limited his lifting to items weighing no more than 5 pounds with no work above waist level with the right upper extremity. (Plaintiff's Brief at 5-6.) Snyder further argues that, based on his age, education and prior work, if he were limited to sedentary work,[2] he

---

[2] Sedentary work involves lifting items weighing up to 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties. Jobs are sedentary if walking or standing are required occasionally and other sedentary criteria are met. *See* 20 C.F.R. § 404.1567(a) (2015).

would have been disabled prior to May 29, 2011, under the Medical Vocational Guidelines, ("Grids"), found at 20 C.F.R. Part 404, Subpart P, Appendix 2. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.09. (Plaintiff's Brief at 6.)

While the Commissioner agrees that Dr. Whitman temporarily limited Snyder to lifting no more than 5 pounds, she argues that, within a year of Snyder's alleged onset date, Dr. Whitman's opinions supported the ALJ's finding that Snyder could perform light work. (Defendant's Brief In Support Of Her Motion For Summary Judgment, ("Commissioner's Brief"), at 6-9.) My review of the record does not support the Commissioner's position or the ALJ's finding.

In the ALJ's opinion, the ALJ stated that he was giving the opinions of physical therapist Charles E. Williams and Dr. Whitman "great weight." (R. at 26.) The ALJ, however, incorrectly states that these opinions support his finding that Snyder had the residual functional capacity to perform light work, except that he could only occasionally push, pull or reach in all directions with his dominant right upper extremity. The record reveals that both of these health care providers limited Snyder to lifting and carrying up to 30 pounds to waist level. (R. at 624, 668.) Williams further restricted Snyder's lifting bilaterally from waist to shoulder to 10 pounds and his overhead lifting to up to 25 pounds with the right arm only. (R. at 624.) Dr. Whitman further restricted Snyder's lifting to 10 pounds overhead. (R. at 668.)

As stated above, it is the ALJ's responsibility to weigh the medical evidence,

and the ALJ's weighing of the medical evidence should not be overturned, if he sufficiently explains his rationale and the record supports his findings. *See King* 615 F.2d at 1020. In this case, the ALJ said he was giving "great weight" to the opinions of Williams and Dr. Whitman, but then he necessarily rejected their opinions, at least in part, when he found that, contrary to their opinions, Snyder could perform light work with only occasional pushing, pulling and reaching with his right arm. While, under the regulations, an ALJ may reject any or all of a medical provider's opinions, he may not do so without any explanation.

Based on the above, I find that the ALJ's finding with regard to Snyder's residual functional capacity is not supported by substantial evidence, and I will remand Snyder's claim to the Commissioner for further development consistent with this opinion.

An appropriate Order and Judgment will be entered.

ENTERED: March 29, 2016.

s/ *Pamela Meade Sargent*<br>UNITED STATES MAGISTRATE JUDGE